IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROGER EUGENE GRESHAM § | |
| § | |
| VS. § | CIVIL NO.4:14-CV-470-L |
| § | (Criminal No.4:96-CR-036-L(1) |
| § | |
| UNITED STATES OF AMERICA § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

Roger Eugene Gresham, Federal Register No. 29072-077, filed a motion to vacate sentence under 28 U.S.C. § 2255 on June 19, 2014.

B. PARTIES

Defendant Roger Eugene Gresham is currently confined at FCI-Terminal Island, in San Pedro, California. The respondent is the Untied States of America.

C. PROCEDURAL HISTORY

Following a jury trial in which Gresham was found guilty of possessing an unregistered firearm (count one) and being a felon in possession of a firearm (count two), Gresham was sentenced on August 30, 1996, to a term of 120 months on count one and 327 months on count two, as recorded in a Judgment entered September 13, 1996. (Criminal Docket No. 4:95-CR-036-L, docket entries for

May 21, 1996, August 30, 1996, and September 13, 1996.) Gresham's initial motion for relief under 28 U.S.C. § 2255 was denied on the merits by order and judgment of August 3, 1998.[1] Gresham has since filed successive motions under § 2255, which were dismissed as filed without authorization.[2] In the present motion under § 2255, Gresham once again challenges whether he was properly subjected to a career offender sentence enhancement, now based upon arguments arising from recent Supreme Court decisions, and he seeks to have the Court re-sentence him. (June 19, 2014 Motion at 19.)

D. LEGAL ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[3] The Supreme Court observed that this law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[4] Since the instant motion seeking relief under 28 U.S.C. § 2255 was filed after the effective date of the AEDPA, this court is without jurisdiction to consider it unless leave to file the same is

---

[1] Assigned civil case number 4:98-CV-442-A.

[2] Civil case numbers 4:99-CV-173-X (Order and Judgment of April 5, 1999) and 4:12-CV-563-L (September 18, 2012 Order Adopting Magistrate Judge's Recommendation to transfer case to Fifth Circuit).

[3] See 28 U.S.C.A. § 2255(h)(West Supp. 2014); see also 28 U.S.C.A. § 2244(b)(3)(A)(West 2006).

[4] Felker v. Turpin, 518 U.S. 651, 664 (1996).

granted by the court of appeals. Gresham has not shown that he has obtained such relief. In such circumstances, the United States Court of Appeals for the Fifth Circuit has authorized the transfer of such successive motions under § 2255 to that court.[5] Transfer is also consistent with 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action or appeal shall proceed as if it had been filed in . . . the court to which it is transferred. . ..[6]

As a result, the undersigned will recommend that in the interests of judicial economy, Roger Eugene Gresham's June 19, 2014 motion seeking relief under 28 U.S.C. § 2255 should be transferred to the United States Court of Appeals for the Fifth Circuit.

## RECOMMENDATION

It is therefore RECOMMENDED that defendant Roger Eugene Gresham's June 19, 2014  motion seeking relief under 28 U.S.C. § 2255 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

---

[5] See In re Epps, 127 F.3d 364, 365 (5th Cir. 1997); see also United States v. Stapleton, Criminal No. 04-30004, 2008 WL 5169571, at *1 (W.D.La. 2008)

> (Because [§ 2255 movant] has not received [authorization from the court of appeals] or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion. However, because the plaintiff is pro se, and in the interests of judicial economy, it makes sense to transfer this matter to the Fifth Circuit instead of simply dismissing it for lack of jurisdiction.)

[6] 28 U.S.C.A. § 1631(West 2006).

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 28, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge.[7]

---

[7] See Douglass v. United Services Auto Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

4

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until August 28, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED August 7, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5